IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. TAYLOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 1:14-cv-01112-STA-egb |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Michael E. Taylor filed this action to obtain judicial review of Defendant Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("the Act"). Plaintiff's applications were denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on October 4, 2012. On January 3, 2013, the ALJ denied the claim. The Appeals Council subsequently denied the request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

cause for a rehearing."[1] The Court's review is limited to determining whether there is substantial evidence to support the Commissioner's decision,[2] and whether the correct legal standards were applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] It is "more than a mere scintilla of evidence, but less than a preponderance."[5] The Commissioner, not the Court, is charged with the duty to weigh the evidence, to make credibility determinations and resolve material conflicts in the testimony, and to decide the case accordingly.[6] When substantial evidence supports the Commissioner's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.[7]

Plaintiff was born on August 2, 1961, and he completed the eighth grade. He testified that his last job was in maintenance at a nursing home where he ran a machine to clean the floors. He alleges disability beginning September 20, 2010, due to emphysema, high blood pressure, left shoulder pain, low back pain, and pain in both legs from previous burns.

---

[1] 42 U.S.C. § 405(g).

[2] *Id.*

[3] *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5] *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7] *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ made the following findings: (1) Plaintiff met the insured status requirements through June 30, 2014; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: history of chronic obstructive pulmonary disease ("COPD") and depressive disorder; but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform light work as defined in 20 C.F.R. §§404.1567(b) and 416.967(b) except that he should avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants; mentally, he can understand and remember simple and one to three step detailed tasks; can concentrate and persist for at least a two hour time period in an eight hour workday with customary breaks; can interact appropriately with the public, co-workers, and supervisors; and can adapt to routine workplace changes; (5) Plaintiff is able to perform his past relevant work as a cleaner/housekeeper doing floor maintenance; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[8] The claimant bears the ultimate burden of establishing an entitlement to benefits.[9] The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[10]

---

[8] 42 U.S.C. § 423(d)(1).

[9] *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[10] *Id.*

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[11]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[12] Here, the sequential analysis proceeded to the fourth step with a finding that Plaintiff can perform his past relevant work. The Court finds that substantial evidence supports this determination.

Plaintiff argues that the ALJ did not properly weigh the medical evidence and that the ALJ did not consider all his disabling conditions, especially his mental conditions, when finding that his residual functional capacity allowed him to perform his past relevant. Plaintiff's arguments are not persuasive.

---

[11] *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

[12] 20 C.F.R. § 404.1520(a).

Plaintiff has not pointed to evidence indicating that the ALJ's residual functional capacity findings overlooked any impairments resulting from his conditions.[13] The ALJ concluded that Plaintiff was capable of performing light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with certain limitations described above. As noted previously, the initial burden of going forward is on Plaintiff to show that he is disabled from engaging in his former employment;[14] once he makes that showing, the burden of going forward shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[15] Accordingly, it is Plaintiff's burden to prove that he has disabling limitations, not the ALJ's. The mere fact that Plaintiff has a diagnosis or diagnoses does not mean that he has disabling limitations because a diagnosis, in and of itself, "says nothing about the severity of the condition."[16] Instead, the ALJ must consider the actual work-related impact of those diagnoses. As long as the ALJ considers all of an individual's impairments, as the ALJ did in the present case, the "failure to find additional severe impairments . . . does not constitute reversible error."[17]

---

[13] A claimant's residual functional capacity is the most he can do despite the combined effect of his credible limitations. *See* 20 C.F.R. §§ 404.1545, 416.945.

[14] *See Her v. Comm'r of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999) ("[T]he burden of proof lies with the claimant at steps one through four of the sequential evaluation process . . . . [I]t is not unfair to require a claimant to prove the extent of his impairments.") (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 at n. 5 (1987)).

[15] *Born*, 923 F.2d at 1173.

[16] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (stating that a diagnosable impairment is not necessarily disabling) (citation omitted)).

[17] *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007)).

The ALJ found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely credible based on a lack of objective medical evidence to support his complaints of disability, lack of treatment, activities of daily living, and inconsistencies between his statements and the other evidence of record. The ALJ also considered Plaintiff's age and education in making his decision.

A claimant's credibility comes into question when his "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence.[18] "To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."[19] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."[20] However, the Court is mindful that the ALJ's credibility finding "must find support in the record."[21]

Here, the Court finds no error in the ALJ's credibility assessment. Although Plaintiff presented objective medical evidence of underlying conditions that could reasonably cause the kind of limitations alleged by Plaintiff, the ALJ could properly find that Plaintiff's statements

---

[18] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

[19] *Id.*

[20] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[21] *Id.*

about his alleged symptoms were inconsistent with the evidence of record.[22] An ALJ may dismiss a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict, as in the present case.[23]

In making his decision, the ALJ reviewed Plaintiff's treatment. Although Plaintiff alleges that he became disabled due to a bike accident resulting in a liver laceration and problems with his left shoulder, right leg, knees, and feet, the record does not contain any significant, ongoing treatment related to these allegations. Additionally, treatment records do not document that Plaintiff had persistent, ongoing complaints of symptoms attributable to the above stated allegations. On examination Plaintiff could rise from a sitting position without difficulty, his gait was normal, he could stand on his right leg alone and his left leg alone, and stand on his toes and heels bilaterally; he had normal flexion and extension of his knees bilaterally and normal extensor function of his feet and ankles.[24] Various treatment notes confirm that Plaintiff had no musculoskeletal or neurologic complaints.[25]

While Plaintiff claims that he is disabled due to emphysema and Plaintiff does have a history of COPD, the evidence does not show that Plaintiff received significant, ongoing treatment nor did he have persistent, ongoing complaints for this condition. Testing revealed moderate impairment; however, an examination of Plaintiff's lungs was normal, and Plaintiff

---

[22] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c) (stating that an ALJ is required to analyze the intensity and persistence of the claimant's symptoms if there is objective evidence of a medical condition that could reasonably cause the alleged impairments).

[23] *See Tyra v. Secretary*, 896 F.2d 1024, 1030 (6th Cir. 1990).

[24] R. 195-96.

[25] R. 173-74, 176, 267, 269, 271, 273.

reported no respiratory complaints.[26] Additionally, Plaintiff smokes, which is inconsistent with someone who alleges disabling respiratory conditions, and militates against a finding of disability.[27]

Although Plaintiff suffered from depression and problems understanding and concentrating, he did not seek treatment for his mental health complaints.[28] During a consultative psychological examination with Dr. Stephen Rutledge, Plaintiff's thought processes were clear and logical, and, while he showed severe impairment in his short-term memory and his ability to sustain concentration, he appeared able to follow written and spoken instructions.[29] Though he appeared to function in the borderline range of intellectual functioning on his first examination with Dr. Rutledge, during a subsequent examination, Dr. Rutledge noted that Plaintiff was logical and sequential in his responses and appeared to be alert to what was going on around him.[30] Because Plaintiff's level of social awareness was not common in individuals who functioned in the borderline range, Dr. Rutledge opined that Plaintiff did not have borderline intellectual functioning.[31]

Plaintiff saw William Fulliton, Ph.D., for a third psychological consultative examination. Plaintiff reported that he had never been hospitalized for mental health treatment, never sought

---

[26] R. 172-79, 181-87, 267 - 273.

[27] *See Long v. Comm'r of Soc. Sec.,* 375 F. Supp. 2d 674, 681 (W.D. Tenn. 2005) (quoting *Sias v. Secretary*, 861 F.2d 475 (6th Cir. 1988) (per curiam) ("Although Brown suffers from chronic obstructive pulmonary disease, his heavy smoking habit indicates that the condition is not disabling")).

[28] R. 204-05, 240.

[29] R. 206.

[30] R. 206, 218, 223.

[31] R. 218, 223.

mental health treatment, and did not complain of any current health problems.[32] He was alert and oriented, displayed no articulation problems, and his thought processes were clear.[33] Dr. Fulliton diagnosed him with alcohol dependence.[34] Plaintiff's failure to seek regular treatment is inconsistent with his claims of disability due to his mental health impairments.[35]

Plaintiff's activities of daily living also revealed that he was not as limited as he alleged. Plaintiff could prepare simple meals, watch movies, clean the bathroom, take out the trash, wash dishes, talk to friends and family, occasionally attend church, take medication without reminders, walk, grocery shop, and pay bills.[36] An ALJ may consider a claimant's activities of daily living when assessing his subjective complaints.[37]

Plaintiff further asserts that the ALJ erred by failing to consider all of his impairments, including mental restrictions, that arose secondary to his anxiety, pain, physical findings, and conditions. No doctor found that Plaintiff had additional physical restrictions or mental restrictions from anxiety, pain, or other physical findings and conditions. Even if Plaintiff had presented such medical evidence, because the ALJ considered all of Plaintiff's impairments, severe and non-severe, in the remaining steps of the sequential evaluation process, any lapse in

---

[32] R. 240.

[33] R. 241.

[34] R. 244.

[35] *See Key*, 109 F.3d at 274.

[36] R. 148-49, 206, 241.

[37] *See Keeton v. Comm'r of Soc. Sec.*, 2014 WL 5151626 *15 (6th Cir. 2014) (finding that the ALJ properly considered Plaintiff's ability to spend time with family and other veterans, drive or walk to the local coffee shop, and assist with chores around the house, when assessing the credibility of his subjective complaints).

the ALJ's decision regarding which impairments of Plaintiff's were severe was harmless error.[38] Therefore, the ALJ's consideration of Plaintiff's impairments was proper, and substantial evidence supports his findings.

Plaintiff also complains that the ALJ did not properly consider the medical opinion evidence in the record. The regulations require that if the opinion of the claimant's treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,'" it must be given "controlling weight."[39] "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion."[40] Even if the treating physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."[41]

If the treating physician's opinion is not given controlling weight, the ALJ is required to provide "good reasons" for discounting it and that rationale must be supported by the evidence in the record and "must be sufficiently specific to make clear to any subsequent reviewers the

---

[38] *See Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e) and 416.945.

[39] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 04.1527(d)(2).

[40] *Wilson*, 378 F.3d at 544 (quoted with approval in *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)).

[41] *Rogers*, 486 F.3d at 242.

weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[42]

Contrary to Plaintiff's argument, the Court finds that the ALJ did properly weigh the medical opinions. No treating source offered any medical opinion regarding the extent of Plaintiff's limitations. Therefore, there was no treating physician opinion entitled to controlling weight.

The ALJ gave some weight to the opinion of Edward Crosthwait, M.D., a consultative examiner, who found that Plaintiff could perform at a light level of work activity. However, the ALJ found that Dr. Crosthwait's findings regarding Plaintiff's ability to push/pull, operate foot controls, climb, balance, stoop, kneel, crouch, and crawl, have only occasional exposure to unprotected heights, moving mechanical parts, operation of a motor vehicle, humidity, wetness, extreme cold, extreme heat, and vibrations and never have exposure to dust, odors, fumes, and pulmonary irritants were unsupported by the record and, therefore, not entitled to weight.[43] Plaintiff had COPD and depressive disorder and, while PFT testing showed that Plaintiff had moderate impairments, he reported on numerous occasions that he had no respiratory complaints. An ALJ may discredit a doctor's opinion which is inconsistent with other evidence or is based on insufficient clinical findings.[44]

---

[42] *See* SSR 96-2p. *See also Gayheart v. Commissioner of Social Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (pointing out that this procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

[43] R. 188-93.

[44] *See Curler v. Comm'r of Soc. Sec.*, 2014 WL 1282521 *7 (6th Cir. April 1, 2014) (citing *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ("[T]his court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence")).

The ALJ gave the opinions of psychological consultative examiners Dr. Rutledge and Dr. Fulliton minimal weight because the opinions did not contain sufficient clinical findings to support findings of marked limitations for Plaintiff, in light of the fact that there was no evidence in the record that Plaintiff obtained treatment from any mental health professionals and was found to have malingered at two psychological consultative examinations.[45] Moreover, Plaintiff had worked in the past despite his mental limitations. The ALJ found Plaintiff had some mental limitations, but not to the degree opined by Dr. Rutledge and Dr. Fulliton. These opinions were properly discredited because they were inconsistent with the treatment record and the record as a whole.[46]

The ALJ gave weight to the assessment of the psychological consultant, Jenaan Khaleeli, Psy.D, who examined the evidence contained in the record and opined that Plaintiff could understand and remember simple and one to three-step detailed tasks, could concentrate and persist for at least a two-hour time period in an eight-hour workday with customary breaks, could interact appropriately with the public, co-workers, and supervisors, and could adapt to infrequent change.[47] The ALJ rejected Dr. Khaleeli's finding that Plaintiff could adapt to only infrequent change because this finding was not supported by the record especially Plaintiff's lack of mental health treatment.[48]

---

[45] R. 204, 218, 222, 240, 242.

[46] *See Gault v. Comm'r of Soc. Sec.*, 535 F. App'x 495, 496 (6th Cir. 2013) (ALJ properly "rejected the conclusion that Gault had marked mental limitations on the basis that it conflicted with her benign clinical examinations, conservative course of treatment, and daily activities. Thus, viewed in context, the ALJ adequately explained that he accepted Allred's opinion that Gault had some mental limitations, but rejected that those limitations were disabling").

[47] R. 264.

[48] *Id.*

Because the ALJ pointed to good reasons for the weight he gave to the medical opinions in the record and highlighted specific inconsistencies between the opinions and other evidence, the Court finds Plaintiff's argument to be without merit.[49]

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[50] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[51] If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[52] A claimant must prove that he is unable to return to his past relevant work either as he performed that work or as that work is generally performed in the national economy.[53] Plaintiff has failed to carry his burden of proof.

The ALJ found that Plaintiff could perform his past relevant work as a cleaner/housekeeper doing floor maintenance. He worked long enough to learn the essential functions of the job, and he performed the work at the substantial gainful activity level. In comparing Plaintiff's residual functional capacity with the physical and mental demands of such work, the ALJ determined that Plaintiff would not be precluded from performing his past

---

[49] *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (noting that it was sufficient for the ALJ to find doctor's opinion was "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record").

[50] 20 C.F.R. §§ 404.1520(e), 404.1560(b).

[51] 20 C.F.R. § 404.1565(a).

[52] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[53] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

relevant work.[54] Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Because substantial evidence supports the ALJ's determination that Plaintiff was not disabled and the correct legal standards were applied, the decision of the Commissioner is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

                                                 **s/ S. Thomas Anderson**
                                                 S. THOMAS ANDERSON
                                                 CHIEF UNITED STATES DISTRICT JUDGE

                                                 Date: April 26, 2017.

---

[54] (*Id.*)